UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION
Case No. 08-14168-CIV-GRAHAM/LYNCH

JORGE PARRA and
GLADYS ELENA SERRANO,

    Plaintiffs,

vs.

MINTO TOWN PARK, LLC, a
Florida limited liability
company, et al.

    Defendants.
_____/

**CLOSED CIVIL CASE**

## ORDER

**THIS CAUSE** comes before the Court upon Defendants' Motion to Dismiss the First Amended Complaint and Incorporated Memorandum of Law [D.E. 20]

**THE COURT** has considered the Motion, the pertinent portions of the record, and is otherwise fully advised in the premises.

### I.  BACKGROUND

Plaintiffs, Jorge M. Parra and Gladys Elena Serrano, seek to recover from Defendants the return of their deposit that was forfeited when the parties failed to close on a purchase agreement for a home located in St. Lucie County. In connection therewith, Plaintiffs have propounded a ten (10) count Complaint against corporate and individual Defendants, asserting both federal and state causes of action and requesting damages in excess of $56,000. Defendants have moved to dismiss each individual Count of the First

Amended Complaint [D.E. 10]. Plaintiffs, in turn, oppose dismissal.

## II. STANDARD

At the motion to dismiss stage, the Court must view the complaint in the light most favorable to the plaintiff and accept its allegations as true. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Beck v. Deloitte & Touche, 144 F.3d 732 (11th Cir. 1998). Federal Rule of Civil Procedure 8(a)(2) requires that a Plaintiff give notice of his or her claim by including in the complaint a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Proc. (8)(a)(2); Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 512 (2002). In Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007), the Supreme Court held that in order to survive a motion to dismiss, a complaint must contain factual allegations which are enough to raise a right to relief above the speculative level. Twombly, 127 S. Ct. at 1965. In deciding a motion to dismiss, a court limits its consideration to the pleadings and exhibits attached thereto. Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000). Nevertheless, dismissal of a complaint is appropriate if, on the basis of a dispositive issue of law, there is no cause of action. Zlotnik v. Premier Sales Group, Inc., 431 F. Supp. 2d 1290, 1294 (S.D. Fla. 2006); Florida Evergreen Foliage v. E.I.

Dupont De Nemours and Co., 336 F. Supp. 2d 1239, 1252 (S.D. Fla. 2004).

### III. DISCUSSION

As detailed below, Defendants seek dismissal of each individual Count in the Amended Complaint. Plaintiffs have filed opposition [D.E. 22] and Defendants have filed a reply [D.E. 24].

#### A. Counts Against Individual Defendants

The Defendants in the instant case include corporate Defendant Minto Town Park, LLC (the "Developer") and several individual persons who are alleged to be the "members, managers, directors or corporate officers" of the Developer (collectively referred to as the "Individual Defendants").[1] Defendants initially move to dismiss those counts seeking relief as against the Individual Defendants. Specifically, Count I (alleging violations of the Interstate Land Sales and Full Disclosure Act, "ILSA"), Count II (alleging violations of the Real Estate Settlement Procedures Act, "RESPA") and Count IX (alleging violations of the Florida Deceptive and Unfair Trade Practices Act, "FDUTPA") all assert claims against the Individual Defendants solely due to their position with the Developer. Nowhere in the Amended Complaint are

---

[1] The Amended Complaint lists the following as individual Defendants: Harry L. Posin, Joannise Philippe, Roger Greenberg and Frank Rodgers. [See D.E. 10 ¶ 6-9.] Defendants Philippe Joanisse and Roger Greenberg have yet to be served and he Court previously denied an extension to serve these two defendants. Consequently, Messrs. Joanisse and Greenberg are not parties to the instant case.

the Individual Defendants alleged to have had direct participation in the alleged wrongdoing or to have taken any other action with respect to the sale transaction.

Plaintiffs oppose dismissal of the Individual Defendants by relying, in part, upon Kemp v. Peterson, 940 F.2d 110, (4th Cir. 1991), wherein the Fourth Circuit Court of Appeals found that the officers, directors, and participating planners may be held individually liable for violations of the ILSA. Kemp, 940 F.2d at 113. This Court, however, does not agree that the broad language in Kemp is applicable to the instant case. Indeed, in distinguishing Kemp, at least one other court in this District has found that an individual does not become personally liable under the ILSA without some personal involvement in the sale or offer to sell. See, e.g., Santidrian v. Landmark Custom Ranches, Inc., 2008 WL 45871820, *3 (S.D. Fla. Oct. 14, 2008) (Cohn, J.). This Court agrees and finds that a temperate interpretation as to the scope of liability is consistent with the language of the ILSA.

Specifically, in relevant part, the ILSA defines a developer as "any person who, directly or indirectly sells or leases, or offers to sell or lease, or advertises for sale or lease any lots in a subdivision. . . ." 15 U.S.C. § 1701(5). Even under such language, Plaintiffs must still sufficiently set forth the basis for the claim and the individual's personal involvement in the allegations. Aboujaoude v. Poinciana Dev. Co., 509 F. Supp. 2d

1266, 1276 (S.D. Fla. 2007). Finding no such allegations in the Amended Complaint, the Court finds that dismissal of the Individual Defendants in this case is appropriate and, therefore, grants Defendants' motion on this issue.

**B. Count I (Violations of the ILSA)**

In Count I, Plaintiffs assert a cause of action under the ILSA, which prohibits developers from making use of interstate commerce to sell or lease property unless purchasers are furnished with a statutorily defined property report. 15 U.S.C. § 1703(a)(1)(B). Significantly, however, the requirements of ILSA do not apply to sales of "improved land on which there is a residential, commercial, condominium, or industrial building, or the sale or lease of land under a contract obligating the seller or lessor to [build] within a period of **two** years. 15 U.S.C. § 1702(2)(emphasis added).

Defendants maintain that the sales transaction at issue was exempt because the Purchase Agreement expressly contains the two year obligation to build. Plaintiffs argue that the obligation to complete construction was illusory and, as such, the transaction was not exempt from ILSA's requirements. In disputing the appropriateness of Count I, Defendants have attached the Purchase Agreement [D.E. 20-2] as an exhibit to the Motion to Dismiss, which this Court may consider without converting the motion to dismiss

5

into a motion for summary judgment. <u>Brooks v. Blue Cross & Blue Shield</u>, 116 F.3d 1364, 1369 (11th Cir. 1997).

The Purchase Agreement expressly provides, in relevant part, that "construction of the Property will be substantially completed . . . within two (2) years from the date of execution of the Agreement." In what appears to be a novel approach, Plaintiffs do not argue about the language of this provision. Rather, Plaintiffs focus on issues surrounding in rem jurisdiction as it relates to the choice of venue provision in the Purchase Agreement. Specifically, paragraph 13 of the Purchase Agreement provides that litigation relating to the transaction must be brought in the Circuit Court for Broward County. [<u>See</u> D.E. 20-2 ¶ 13.] It is also undisputed that the property is located in St. Lucie County. According to Plaintiffs, because the property is located in St. Lucie County and the Purchase Agreement limits litigation to Broward County, a Broward County court would lack in rem jurisdiction over the property and would be unable to provide specific performance or legal or equitable remedies. Plaintiffs, therefore, conclude that the Broward County court's inability to provide certain legal or equitable remedies makes the Purchase Agreement illusory.

On this issue, the Court finds it significant that this case was brought by Plaintiffs in federal court based upon a federal statute in a division that also provides this Court with in rem

jurisdiction. As such, Plaintiffs did not limit themselves, as contemplated by the Purchase Agreement, to bringing an action in a Broward County court. Consequently, based on the posture of this case, Plaintiffs arguments about in rem jurisdiction and the choice of venue provision contained within the Purchase Agreement is purely theoretical. As it is theoretical, this Court need not engage in an analysis of in rem jurisdiction. Suffice it to say that the Court does not find the Purchase Agreement illusory due to the choice of venue provision. The Purchase Agreement contains an obligation to build within two years and nothing before the Court establishes that the obligation was illusory. As such, the sales transaction is exempt from the ILSA requirements and Count I is dismissed.

### C. Count II (Violations of RESPA)

Defendants seek dismissal of Count II wherein Plaintiffs allege claims under the RESPA. Specifically, Plaintiffs maintain that the Developer failed to properly disclose their affiliation with the lender Homebuyers Financial "prior to the referral." [See D.E. 10 ¶ 55.] Plaintiffs pleading in opposing dismissal suggests that Plaintiffs intended to file a Second Amended Complaint to provide a more specific statement of the allegations under the RESPA. [See D.E. 22 at 11.] However, to date, Plaintiffs have filed no amendment or sought any related relief. Therefore, this

Court must review the only complaint in the record and consider it in the light most favorable to Plaintiffs.

Even under a liberal motion to dismiss standard, the Court finds that Plaintiffs fail to state a claim under the RESPA. The express language of the Purchase Agreement contradicts Plaintiffs' allegations. Moreover, Defendants' motion to dismiss attaches exhibit B, which is the Notice executed by Plaintiffs regarding the business relationship between the Developer and Homebuyers Financial, LLC. Given the documentary materials, the Court finds that Plaintiffs are unable to sustain a claim under the RESPA. Consequently, Count II is dismissed.

**D.   Count III (Violations of Florida Statute § 720.401)**

Count III of the Amended Complaint alleges violations of the requirements under Florida Statute § 720.401 relating to disclosure of homeowner association membership and related fees, among other things. Defendants maintain that the Developer complied with the disclosure requirements. Plaintiffs essentially maintain that the disclosure was insufficient in that the three relevant associations were not individually identified by name. Other than reciting the statute, Plaintiffs provide no support for their position.

Here, the Court finds that Plaintiffs have yet again failed to state a claim. Florida Statute § 720.401 provides that the disclosure should be "in substantially similar form" and the documentary evidence demonstrates that Defendants complied with the

statutory requirements. Indeed, Defendants correctly argue that, contrary to the allegations, the disclosure summary delivered to Plaintiffs makes reference to all three associations, namely the village association, the master association and the community association. [See D.E. 20-3]. Based thereon, the Court finds that Count III should be dismissed for failure to state a claim.

### E.   Count IV (Violations of Florida Statute § 720.402)

In Count IV, Plaintiffs allege violations of Florida Statute § 720.402, which prohibits the publication of false and misleading information. Without expanding on the allegations, in this Count, Plaintiffs reference the statute and maintain, in conclusory fashion, that they were presented with two legal descriptions in the Purchase Agreement, which was false and misleading. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of their entitlement to relief requires more than labels and conclusions and a formulaic recitation of the elements of a cause of action will not do. Twombly, 127 S. Ct. at 1964-65 (internal quotations and citations omitted). Here, the Court finds that Plaintiffs have failed to sufficiently establish a cause of action. Consequently, Count IV is dismissed.

### F.   Count V (Violations of Florida Statute § 849.091(2))

In Count V, Plaintiffs seek a declatory judgment against the Developer on the grounds that the Purchase Agreement was allegedly

part of a pyramid scheme. The Court finds nothing in the Amended Complaint to support such allegations. The evidence demonstrates that the transaction at issue was the sale and purchase of a home. While Federal Rule of Civil Procedure 8(a)(2) allows for a short and plain statement of a claim, Plaintiffs must move beyond labels and conclusions to show that they are entitled to relief. Twombly, 127 S. Ct. at 1964-65. After a review of the Amended Complaint and the relevant materials, the Court finds no evidence of a pyramid scheme and, therefore, dismissal of Count V is warranted.

**G.   Count VI (Declaration of Vendees' and Equitable Lien)**

In Count VI, Plaintiffs assert they are entitled to an equitable and vendees' lien on the property. Under Florida law, equitable liens may be founded upon two bases: (i) a written contract that indicates an intention to charge a particular property with a debt or obligation; or, (ii) a declaration by a court out of general considerations of right or justice as applied to the particular circumstances of a case. William v. Eloise, 271 B.R. 676, 683 (M.D. Fla. 2002) (citing In re Tsiolas, 236 B.R. 85, 88 (Bankr. M.D. Fla. 1999)). Moreover, a vendees' lien is a remedy afforded a purchaser under a real estate contract to secure repayment of sums paid to the seller. Sparks v. Charles Wayne Group, 568 S.2d 512, 515 (5th D. Ct. App. Fla. 1990), overruled on other grounds by Chiusolo v. Kennedy, 589 So.2d 420 (Fla. Dist. Ct.

App. 1991), which was subsequently reversed, in part, by <u>Chiusolo v. Kennedy</u>, 614 So.2d 491 (Fla. 1993).

Here, there is no evidence of an intent to create a lien on the property. Rather, the Purchase Agreement expressly provides that Plaintiffs acknowledge they "have not acquired any right, title interest or lien right to the Property prior to Closing and agree [] not to file a lis pendens, claim of lien or any other document concerning any dispute" arising out of the Agreement. [<u>See</u> D.E. 20-2 ¶ 16(a).] Accordingly, there cannot be an equitable lien arising out of the contract and there is no basis for a lien based in equity. Moreover, contrary to the allegations in the Amended Complaint, the Court has found no merit to the claims relating to ILSA or any of the other Counts Plaintiffs assert as a basis for finding a lien. Therefore, Count VI of the Amended Complaint must be dismissed.

**H.   Count VII (Violation of Statute of Fraud)**

In Count VII, Plaintiffs allege a claim under Florida's statute of frauds, section 725.01, which provides, in relevant part that "no action shall be brought upon . . . any contact for the sale of lands . . . unless the agreement is in writing." Fla. Stat. § 725.01. Here, there is no dispute that there is a written Purchase Agreement. Plaintiffs, however, maintain that the legal description in the contract is insufficient for purposes of section 725.01. The Court disagrees. The Purchase Agreement

contains sufficient information such that Plaintiffs' statute of fraud allegations are without merit. Based thereon, Count VII is dismissed.

### I. Count VIII (Declatory Judgment Based on Lack of Mutuality of Remedies)

Count VIII alleges that the contract is void or voidable because it lacks mutuality of remedy and is indefinite due to the Developer's discretion to make changes in the construction of the residence. Defendant seeks dismissal of Count VIII maintaining, inter alia, that there is nothing illusory about the obligations. Plaintiffs apparently concede that Count VIII fails to state a claim in so far as Plaintiffs suggests that they will seek leave to amend the complaint. Plaintiffs have made no efforts to amend. Thus, the Court finds that Count VIII is insufficient and is hereby dismissed.

### J. Count IX (Violations of FDUTPA)

In Count IX, Plaintiffs assert a claim under the FDUTPA, Florida Statute § 501.201 asserting, inter alia, that the Developer's deceptive practices are grounds for a FDUTPA violation. In this Count, Plaintiffs specifically reference the allegations concerning ILSA, RESPA and the Florida statutes regarding disclosure of information. [See D.E. 10 ¶ 106.] As noted above, the Court finds that there is no merit to Plaintiffs' allegations concerning those claims. There is also no evidence that the Developer has engaged in unfair methods of competition,

unconscionable acts or practices or unfair and deceptive acts as required under the FDUTPA.  Therefore, Count IX is dismissed.

In sum, the Court finds that all Counts in the current Amended Complaint must be dismissed.  Nevertheless, the Court recognizes the posture of the case and the underlying issues.  To the extent that Plaintiffs intend to file a further amended complaint, they may do so within ten (10) days hereof and may further seek that the case be re-opened on an appropriate amended complaint.

**K.    Count X (Demand for a Jury Trial)**

Defendants have separately moved to strike the jury trial demand. [See D.E. 7.]  Because the Court has dismissed all Counts in the Amended Complaint and there are no surviving claims, the demand for a jury trial is moot.

### IV.    CONCLUSION

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss the First Amended Complaint [D.E. 20] is **GRANTED**.  All Counts of the First Amended Complaint are dismissed as set forth herein.  It is further

**ORDERED AND ADJUDGED** that to the extent that Plaintiffs intend to file a further amended complaint, they may do so within ten (10) days hereof as further set forth herein.  It is further

**ORDERED AND ADJUDGED** that this case is **CLOSED** for administrative purposes and any pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers, at Miami, Florida, this 29th day of October, 2008.

_____
DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE

cc:   All Counsel of Record