UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-14168-CIV-GRAHAM/LYNCH

JORGE M. PARRA AND GLADYS ELENA SERRANO,

    Plaintiffs,

v.

MINTO TOWNPARK, LLC, HARRY L. POSIN,
PHILIPE JOANISSE, ROGER GREENBERG, AND
FRANK RODGERS,

    Defendants.
_____/

FILED by ___ D.C.
JAN 13 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

## REPORT AND RECOMMENDATION ON DEFENDANT'S VERIFIED MOTION FOR ATTORNEYS' FEES AND COSTS (DE 41)

**THIS CAUSE** comes before this Court upon an Order of Reference and the above Motion. Having reviewed the Motion, Response, and Reply, this Court recommends as follows:

    1.  Following the District Court's Order dismissing the Plaintiff's Complaint and its Order denying an extension of time in which to amend, the Defendants move to recover their attorney fees and costs. The Defendants request is premised upon the fee shifting provisions of the parties' underlying real estate purchase contract and Florida's Deceptive and Unfair Trade Practices Act, § 501.2105.

    2.  The dispositive issue is whether the Defendants enjoy prevailing party status. In order to become the prevailing party, the Defendants must have obtained at least some relief on the

merits. See Smalbein v. City of Daytona Beach, 353 F.3d 901, 904-05 (11th Cir. 2003). If they have not, then they are unable to recover their fees or costs under Rule 54.

3.   This Court begins the analysis with the Order of Dismissal. In its October 29th, 2008 Order, the District Court dismissed all of the Plaintiffs' counts for the failure to state a claim. Generally such a Rule 12(b)(6) dismissal is considered a judgment on the merits — unless the court specifies otherwise. See Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1190 (11th Cir. 2003). Here the Plaintiffs were given leave to amend their Complaint, and consequently, regardless of the reasons for dismissing the counts therein, the Order was without prejudice. As such it did not convey prevailing party status to the Defendants. Ultimately the Plaintiffs did not amend their Complaint, at least in this Court, and citing Schuurman v. Motor Vessel "Betty K V", 798 F.2d 442, 445 (11th Cir. 1986), the Defendants contend that this omission rendered the dismissal order final. The Defendants are correct in their contention, but issues of finality are irrelevant to ascertaining prevailing party status. Pellegrino v. Koeckritz Dev. of Boca Raton, LLC, 2008 WL 4753726 (S.D. Fla. 2008), the other case to which the Defendants cite, is distinguishable on its facts. In Pellegrino, Judge Marra dismissed the sole count before him on its merits.

4.   The District Court gave the Plaintiffs ten days within

which to amend their Complaint. The Plaintiffs timely requested an extension, <u>see</u> Rule 6(a)(2), but the request was denied. That next day, without delay, the Plaintiffs filed their notice of voluntary dismissal under Rule 41(a)(1)(A)(i). About a month later the Plaintiffs re-filed their Complaint in state court.

5.   The Plaintiffs correctly argue that their voluntary dismissal presents another bar to the Defendants' Motion. The Plaintiffs' dismissal was without prejudice thereby leaving the merits unresolved, and because no court order was needed, no judicial imprimatur was involved. Consequently the Plaintiffs' voluntary dismissal did not convey prevailing party status. <u>See</u> <u>Harris v. Captiva Condo., LLC</u>, 2008 WL 4911237 (M.D. Fla. 2008) and cases cited therein. <u>See</u> <u>also</u>, <u>Mother and Father v. Cassidy</u>, 338 F.3d 704, 710 (7th Cir. 2003).

6.   Simply put, neither the dismissal order nor the voluntary dismissal conveyed prevailing party status to the Defendants, and consequently Rule 54 does not permit them to move for attorney fees or to tax their costs. As an aside, however, this Court adds that the Defendants still have the same contractual and statutory right to recover their fees and costs should they prevail in the now pending state court litigation.

**ACCORDINGLY**, this Court recommends to the District Court that the Defendants' Verified Motion for Attorneys' Fees and Costs be **DENIED.**

The parties shall have ten (10) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Donald L. Graham, the United States District Judge assigned to this case.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 13th day of January, 2009.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

cc: Hon. Donald L. Graham
    Bradley J. Kaplan, Esq.
    Jonathan Kline, Esq.