```
              UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF FLORIDA
                   FORT PIERCE DIVISION
               Case No. 08-14168-CIV-GRAHAM
```

JORGE M. PARRA, et al.

    Plaintiffs,

v.

MINTO TOWNPARK, LLC, et al.,

    Defendants.

_____/

## ORDER

**THIS CAUSE** comes before the Court upon Defendants' Verified Motion for Attorneys' Fees and Costs [D.E. 41].

**THE MATTER** was referred to the Honorable United States Magistrate Frank J. Lynch, Jr. [D.E. 42]. The Magistrate Judge issued a Report recommending that the motion be denied [D.E. 45]. Defendants filed objections [D.E. 46] and Plaintiffs filed a response [D.E 50].

**THE COURT** has conducted an independent review of the record and is otherwise fully advised in the premises. A district judge must modify or set aside any part of the recommendation that is clearly erroneous or contrary to law. For the reasons discussed herein, the Court declines to adopt the Magistrate Judge's recommendation.

### I. BACKGROUND

Plaintiffs initially commenced this action stemming from a purchase agreement for real property. Plaintiffs were attempting

to recover their $56,000 deposit after failing to close on the agreement. In connection therewith, Plaintiffs filed a ten count complaint against corporate and individual defendants asserting numerous federal and state causes of action. Upon Defendants' motion, on October 30, 2008, this Court dismissed the Amended Complaint without prejudice and granted Plaintiffs leave to file an amended within ten days. [See D.E. 36.]

Rather than filing an amended complaint, on November 12, 2008, Plaintiff sought an extension of time within which to file an amended complaint.[1] On November 17, 2008, the Court denied the request. Thereafter, on November 18, 2008, Plaintiffs filed a notice of voluntary dismissal without prejudice under Rule 41(a)(1)(A)(i). Defendants subsequently filed their requests for attorneys' fees and costs pursuant to the prevailing party provision in the purchase agreement and a similar provision within the Florida Deceptive Trade Practices Act, Florida Statute § 501.2105. [See D.E. 41.]

After a review of the case's procedural history, the Magistrate Judge concluded that neither the dismissal under Rule 12(b)(6) nor the voluntary dismissal under Rule 41 conveyed prevailing party status to Defendants. Therefore, the Magistrate

---

[1] Under Federal Rule of Civil Procedure 6 concerning computation of time, Plaintiffs had until November 13, 2008 to file an amended complaint. The Court considers their request for an extension as a timely filing albeit it was not an amended complaint.

2

Judge recommended denying the request. [See D.E. 45 at 3.] Defendants object to the conclusion as contrary to Florida substantive law and federal decisions interpreting Florida law. [See D.E. 46.]

## II.  LAW AND DISCUSSION

### A.  Entitlement to Fees as Prevailing Parties

As an initial matter, the Court considers the posture of this case and the effect of the Court's dismissal under Rule 12(b)(6) followed by Plaintiffs' notice of voluntary dismissal under Rule 41.  The undersigned agrees with the Magistrate Jude insofar as the dismissal under Rule 12(b)(6) did not convey prevailing party status to Defendants because Plaintiffs had leave to amend the complaint.  Plaintiffs timely requested an extension of time within which to amend and, upon a denial of the request, immediately filed their notice of dismissal.  As the notice of dismissal pursuant to Rule 41 put an end to the litigation in this Court, the undersigned rejects Defendants' arguments that, as with other cases in this district, a dismissal under Rule 12(b)(6) conveys prevailing party status on Defendants.  See, e.g., Pellegrino v. Koeckritz Dev., 2008 WL 4753726, *1 (S.D. Fla. 2008) (Marra, J.) (granting attorney's fees and costs to defendants as prevailing parties where the court dismissed the complaint for failure to state a claim).  Ultimately, the result in this case turns on Plaintiffs' voluntary dismissal.

Having concluded that the relevant event in this case is Plaintiffs' voluntary dismissal under Rule 41, the Court must next apply Florida law to determine whether Defendants are prevailing parties. See McMahon v. Toto, 256 F.3d 1120, 1132 (11th Cir. 2001)("statutes allowing for recovery of attorney's fees are substantive for Erie purposes."). In this case, Defendants argue that they are entitled to fees both under the Florida Deceptive Trade Practices Act, Florida Statute § 501.2105 and the purchase agreement.

Section 501.2105 provides, in relevant part, that "in any civil litigation . . . the prevailing party, after judgment in the trial and exhaustion of all appeal, if any, may receive his or her reasonable attorney's fees and costs from the nonprevailing party." Fla. Stat. § 501.2105(1). Interpreting this precise statute, one Florida court has concluded that a voluntary dismissal does not convey prevailing party status. In Nolan v. Altman, 449 So.2d 898, 900 (Fla. 1st Dist. Ct. App. 1984), the Florida appellate court found that "[u]nlike most statutory provisions for attorney's fees, section 501.2105 'clearly contemplates a two-step procedure under which judgment is first entered on liability and then, after any appeals, attorney's fees are awarded.'" Nolan, 449 S.2d at 900 (internal quotations and citations omitted). The Nolan court concluded that "section 501.2105 clearly and unambiguously precludes an award of attorney's fees until after judgment has been

4

entered by the trial court" and, as a result, it revered the trial court who had granted fees and costs.[2] Id. (emphasis added).

This Court finds that Nolan is particularly applicable to the fact of this case as it specifically relates to the Florida Deceptive Trade Practices Act section 501.2105 and the effect of filing a voluntary dismissal. Ultimately, as in Nolan, the undersigned concludes that voluntary dismissal in this case did not convey prevailing party status under section 501.2105.

The above notwithstanding, the Court next turns to whether Defendants are prevailing parties under the relevant contract provision. In this case the purchase agreement states, in relevant part, "[i]f either party institutes litigation that arises directly or indirectly or in connection with [the] Agreement, the prevailing party will be entitled to recover its reasonable attorney's fees, paraprofessional fees and costs, including through any appeals." [See D.E. 18-2 at 5.] Unlike section 501.2105 discussed above, the purchase agreement does not contemplate entry of judgment prior to an award of attorney's fees. In the absence of a specific or limiting provision, general law regarding prevailing party status upon voluntary dismissal applies. Ajax Paving Indus., Inc. v. Hardaway Co., 824 So.2d 1026, 1029 (Fla. 2nd Dist. Ct. App. 2002).

---

[2] Nolan remains good law as it is distinguishable from the later Florida Supreme Court ruling in Thornber v. City of Ft. Walton Beach, 568 So.2d 914, 919 (Fla. 1990), a case that addressed the general rule where a voluntary dismissal conveys prevailing party status.

Generally, when a plaintiff voluntarily dismisses an action, the defendant is deemed the prevailing party for purposes of attorney's fees. Id. at 1029; Thornber v. City of Ft. Walton Beach, 568 So.2d 914, 919 (Fla. 1990); Alhambra Homeowners Assoc. v. Asad, 943 So.2d 316, 319-21 (Fla. 4th Dist. Ct. App. 2006) (analyzing Thornber and its progeny in support of the general rule that a voluntary dismissal by plaintiff conveys prevailing party status on defendants); Shave v. Stanford Fin. Group, 2008 WL 3200705, *1 (S.D. Fla. 2008) (relying on Florida's general rule to award attorney's fees to defendants after plaintiff's voluntary dismissal).[3]

Based on a close review of the relevant case law and the contract in this case, the Court finds that Defendants are entitled to attorney's fees and costs as prevailing parties under the purchase agreement. As noted above, the purchase agreement does not limit when a party becomes a "prevailing party". This Court has no discretion to decline to enforce a contractual provision awarding attorney's fees. Lushkajani v. Lushkajani, 911 So.2d 1154, 1158 (Fla. 2005). Moreover, under Florida's general rule, a voluntary dismissal conveys prevailing party status. Thornber, 568 So.2d at 919. Such is the case even where, as here, the plaintiff has later refiled the action. Alhambra, 943 So.2d

---

[3] The Court in Alhambra applied the general rule even though the plaintiffs subsequently refiled the identical suit and ultimately prevailed. Alhambra, 943 So.2d at 317.

at 317. Therefore, this Court must decline to adopt the Magistrate Judge's recommendation and independently concludes that Defendants are prevailing parties for purposes of assessing attorney's fees and costs.[4]

**B.   Reasonableness of the Fees and Costs**

As Defendants are entitled to seek fees and costs, the Court reviews the amount requested. Here, Defendants request $49,445.50 in fees and $71.91 in costs. [See D.E. 41.] Plaintiffs maintain that the hours expended are excessive, redundant and otherwise unnecessary. [See D.E. 50 at 6.]

Florida courts have generally adopted the federal lodestar approach for computing reasonable attorney's fees. Florida Patient's Comp. Fund v. Rowe, 472 So.2d 1145, 1150 (Fla. 1985). In fashioning an award of attorney's fees, the starting point is to multiply the number of hours reasonably expended by a reasonable hourly rate. Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994) (citing Hensley v. Eckerhart, 461 U.S. 242, 433 (1983)). This "lodestar" may then be adjusted for the results obtained. Id. Although a district court has wide discretion in performing these calculations, the court's order on attorney's fees must allow

---

[4] The Court agrees with Defendants that the case relied upon by the Magistrate Judge, Harris v. Captiva Condo. LLC, 2008 WL 4911237 (M.D. Fla. 2008), is distinguishable on the facts as that case discusses an award of costs under Federal Rule of Civil Procedure 54. This case, as noted above, turns on an award of fees and costs pursuant to a contractual provision.

meaningful review - the district court must articulate the decisions it made, give principled reasons for those decisions, and show its calculation.  Id. (internal quotations and citations omitted).

In this case, the Court must determine whether the hours expended by defense counsel are reasonable.  In order to determine a reasonable and proper fee award, the Court must consider the number of hours expended on the case together with the customary hourly fees charged in this community for similar services.  See Norman v. Housing Authority, 836 F.2d 1292, 1299 (11th Cir. 1988).

   i.   *Reasonable Hourly Rates*

A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation.  Loranger, 10 F.3d at 781 (citing Norman, 836 F.2d at 1299).  The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates.  Id. Moreover, a court may make a fee award based on its own experience where documentation and testimony is inadequate or the fees claimed are expanded.  Norman, 836 F.2d at 1303 (citing Davis v. Board of School Comm'rs, 526 F.2d 865, 868 (5th Cir. 1976)).

In this case, Defendants request compensation at hourly rates ranging from $160 for a law clerk to $400 for the principal litigation partner.  [See D.E. 421-2.]  The Court finds the hourly

rates are higher than customary for this type of litigation. Therefore, an hourly range of $100 (for law clerk) and $325 (for the litigation partner is more appropriate and customary.

    ii.  *Reasonable Hours Expended*

The next step in the computation of the lodestar is the ascertainment of reasonable hours. <u>Norman</u>, 836 F.2d at 1301. Excessive, redundant or otherwise unnecessary hours should be excluded from the amount claimed. <u>Id.</u> (<u>citing</u> <u>Hensley</u>, 461 U.S. at 434). In other words, the Supreme Court requires fee applicants to exercise "billing judgment." <u>Id.</u> This must necessarily mean that the hours excluded are those that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel. <u>Id.</u> If fee applicants do not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are excessive, redundant, or otherwise unnecessary. <u>ACLU v. Barnes</u>, 168 F.3d 423, 428 (11th Cir. 1999). Courts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded. <u>Id.</u>

In this case, Defendants request $49,445.50 in fees and $71.91 in costs. [<u>See</u> D.E. 41.] Plaintiffs challenge the hours expended as excessive, redundant and otherwise unnecessary. [<u>See</u> D.E. 50 at 6.]

According to the motion, defense counsel had six attorneys working on this matter, along with a paralegal and a law clerk. [See D.E. 41 at 7.] The number of hours expended by the attorneys range from four hours for an attorney at $220 per hour to approximately eighty hours for an attorney billing at $310 per hour. Another attorney also billed more than thirty six hours at a rate of $360.00. Id.

The Court has independently reviewed the time records in this cause and concludes that the number of hours expended by defense counsel are beyond what is necessary for a matter that was ultimately dismissed within a relatively short amount of time. The issues arose from a contract to purchase real property and Defendants quickly filed a motion to dismiss the initial complaint. Upon amendment, Defendants filed a similar request for dismissal of the amended complaint. While the parties also filed pleadings concerning a motion to strike a jury demand and a motion for summary judgment, those issues were moot when the Court dismissed the action without prejudice under Rule 12(b)(6). As noted above, the final event that ended this case in this District was Plaintiffs' filing a notice of voluntary dismissal. Consequently, the Court finds that fees and costs in excess of $49,000 are unwarranted on these facts.

Moreover, counsel's billing statements include certain entries that require closer scrutiny. For example, over the course of four

four days, one attorney on the defense team spent in excess of 20 hours researching and drafting the motion to dismiss.[5] During the same time period, at least two other attorneys also worked on and/or reviewed the same motion to dismiss.[6] Additionally, in subsequent entries, counsel failed to exercise billing judgment when, for instance, he entered 8.5 hours as block billing without distinguishing among the various tasks that he undertook on that

---

[5] The following are exemplary of counsel's time entries over four consecutive days early on in the litigation:

| 6/9/08 | JSE | Continue drafting and researching motion to dismiss complaint | 5.6 |
| 6/10/08 | JSE | Continue researching and drafting motion to dismiss | 5.6 |
| 6/11/08 | JSE | Continue drafting and revising motion to dismiss | 5.8 |
| 6/12/08 | JSE | Work on motion to dismiss | 0.4 |
| 6/13/08 | JSE | Continue researching and drafting motion to dismiss | 3.1 |

[6] For example, the time entries reflect the following:

| 6/12/08 | MDJ | Working on motion to dismiss | 1.2 |
| 6/13/08 | MDJ | Preparation [for] motion to dismiss complaint | 2.5 |
| 6/13/08 | BJK | Reviewed Minto's Motion to dismiss; Drafted Rule 11 Motion for Sanctions | 4.0 |

11

day.[7] Overall, the time entries reflect that attorneys expended an inordinate amount for the services rendered.

Notably, under the circumstances, the Court need not engage in an hour-by-hour analysis. Loranger, 10 F.3d at 783 (joining circuits that allow an across the board percentage cut either in the number of hours or the final lodestar figure when faced with a voluminous application). It is sufficient for the court to provide a concise but clear explanation of its reasons for the reduction. Id. at 784; see also Trujillo v. Banco Central Del Ecuador, 229 F. Supp. 2d 1369, 1375 (S.D. Fla. 2001). Consequently, the Court finds that, rather than an hourly reduction for each of the numerous attorneys who worked on this case, it is appropriate here to apply an overall fee reduction stemming from the reasonable rate multiplied by the number of reasonable hours.

The request for fees is $49,445.50, but a significant reduction is appropriate based on the inordinate number of hours expended for the type of litigation. Therefore, the Court will grant Defendants thirty percent of counsel's fees, resulting in an

---

[7] The specific entry reads as follows:

| 8/14/08 | JEP | Research and draft reply memorandum in support of motion to dismiss, research re venue issues, equitable lien issues, [venue] clauses as contrary to land sales disclosures act. Work with J. Erenbaum re same. | 8.5 |

award of $14,835 in fees.[8]  In this regard, the undersigned is also mindful that while this case may have ended in this Court, the parties may still be litigating the matter in state court and, presumably, the prevailing party in those proceedings may also seek attorney's fees and costs.

**B.  Costs and Expenses**

Defendants also seek $71.91 in copying costs.  [See D.E. 41-2 at 5.]  The undersigned finds the costs requested are appropriate and reasonable.  Therefore, counsel's costs are allowed.

### III.  CONCLUSION

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that the Court declines to adopt the Magistrate Judge's Report and Recommendation [D.E. 45] for the reasons set forth herein. It is further

**ORDERED AND ADJUDGED** that Defendants' Verified Motion for Attorneys' Fees and Costs [D.E. 41] is **GRANTED, IN PART AND DENIED, IN PART**, as set forth herein.  The Court will separately enter final judgment.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 20th day of August, 2009.

_____
DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE

cc:  U.S. Magistrate Judge Lynch
     Counsel of Record

---

[8]  Attached as Exhibit A is the Court's general calculation.

13

**Exhibit A**

Below is the calculation based on the reduced hourly rate multiplied by the number of reasonable hours. Costs are also included for a total award amount.

| Attorney Name | Hours x Rate | Amount |
|---|---|---|
| MDJ | 11 hrs. x $325 | $3,575 |
| JSE | 31 hrs. x $250 | $7,750 |
| JEP | 2 hrs. x $275 | $550 |
| BJK | 11 hrs. x $175 | $1,925 |
| MAT | 2 hrs. x $175 | $350 |
| BM | 2.1 hrs. x $150 | $315 |
| JR | 2.5 hrs. x 100 | $250 |
| AB | 1 hr. x 120 | $120 |
|  | **sub total** | **$14,835** |

<u>plus</u> costs:  $71.91

**Total award:**  **$14,906.91**

14